UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**TERRON J. WILLIAMS** : **DOCKET NO. 18-cv-0747**
**REG. # 99202-179** **SECTION P**

**VERSUS** : **UNASSIGNED DISTRICT JUDGE**

**UNITED STATES OF AMERICA** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Terron J. Williams. Williams is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

**I.**
**BACKGROUND**

On April 30, 2010, in the United States District Court for the Southern District of Texas, Williams pleaded guilty to and was convicted of one count of conspiracy to possess with intent to distribute a controlled substance. *United States v. Long et al.*, No. 4:09-cr-0294(05), doc. 304 (S.D. Tex. Sep. 21, 2011). The overall scope of the conspiracy involved five or more kilograms of a mixture containing a detectable amount of cocaine and fifty or more grams of cocaine base, a violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii), and 841(b)(1)(A)(iii). *See id.* at doc. 60

(superseding indictment). Williams was then sentenced to a 188 month term of imprisonment. *Id.* at docs. 593, 625. He sought review in the United States Fifth Circuit Court of Appeals, and that court affirmed his sentence. *Id.* at doc. 863. He filed a petition for writ of certiorari in the United States Supreme Court, which denied same on May 13, 2013. *Id.* at doc. 870, att. 1.

On August 17, 2017, Williams filed a pro se motion to vacate in the trial court under 28 U.S.C. § 2255. *Id.* at docs. 973, 974. The government filed a response and moved to dismiss the motion as time-barred. *Id.* at doc. 977. Magistrate Judge Stacy recommended in a sealed opinion that the court deny the § 2255 motion and grant the government's motion to dismiss. *Id.* at doc. 978. Judge Harmon adopted that recommendation on April 12, 2018. *Id.* at doc. 980.

Williams now brings the instant § 2241 petition, seeking to have his sentence vacated. Doc. 1. He asserts that, based on *Mathis v. United States*, 136 S.Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), his convictions in Texas state court for delivery of a controlled substance no longer qualify as controlled substances offenses for the career offender enhancement of United States Sentencing Guidelines, §§ 4B1.1(b) and 4B1.2. Doc. 1, att. 2. Accordingly, he maintains, he is entitled to resentencing without that enhancement. *Id.* at 7–8.

## II.
### LAW & ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Williams collaterally attacks his incarceration, arguing that he has been convicted of a nonexistent offense. Therefore, his claim should be advanced in a motion to vacate.

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, Williams must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

Williams relies on *Mathis* and *Hinkle*, supra, to show that he is entitled to proceed under the savings clause. He uses these cases to attack a sentencing enhancement, however, rather than allege that he was convicted of a nonexistent offense. Such a claim cannot satisfy the first prong of the *Reyes-Requena* test. *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000). Williams fails to show any right to seek collateral review through a § 2241 petition, and so the court lacks jurisdiction to consider his claims. *Christopher v. Miles*, 342 F.3d 378, 379 (5th Cir. 2003). He may instead test his claim in the trial court, under the standards for filing a successive § 2255 motion. *See* 28 U.S.C. § 2255(h).

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of July, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE